**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1110
_____

KEVIN LEWIS,
Appellant

v.

CARMEN DIAZ-PETTI, in her official capacity as Director of DCP&P/Assistant
Commissioner of the New Jersey Department of Children and Families (DCF);
CHRISTINE NORBUT BEYER, in her official capacity as the Commissioner of DCF;
RICHARD J. NOCELLA, Presiding Judge, New Jersey Superior Court, Family Division,
Burlington County, in his official capacity; EDWARD W. HOFFMAN, Judge, New
Jersey Superior Court, Family Division, Burlington County, in his official capacity;
MARK P. TARANTINO, Judge, New Jersey Superior Court, Family Division,
Burlington County, in his official capacity; GERARD BRELAND, Judge, New Jersey
Superior Court, Family Division, Burlington County, in his official capacity; JAMES
FERRELLI, Judge, New Jersey Superior Court, Family Division, Burlington County, in
his official capacity; HON. GLENN GRANT, J.A.D, in his official capacity; DAVID
TANG, in his official capacity; LAURALIE LEWIS, in her individual capacity

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:22-cv-03242)
District Judge: Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 14, 2025

Before: SHWARTZ, KRAUSE, and CHUNG, *Circuit Judges*

(Filed: March 17, 2025)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge.*

Appellant Kevin Lewis appeals the District Court's dismissal of his complaint. Because we conclude that Lewis lacked standing from the outset, we will vacate the District Court's judgment and remand with instruction to dismiss for lack of jurisdiction.[1]

Lewis brought this § 1983 action against a bevy of state officials in their official capacities for alleged constitutional violations stemming from a 2016 child-welfare investigation and orders temporarily limiting contact with his three children and his ex-wife for alleged abuse of process in the same investigation and child custody proceedings. The District Court granted Appellees' motion to dismiss because Lewis brought his claims after the two-year statute of limitations had lapsed and his claims were barred by sovereign and judicial immunity. The Court also declined to exercise supplemental jurisdiction over Lewis's remaining state law claim against his ex-wife.

But the District Court lacked jurisdiction to reach those issues because Lewis does not have standing. We evaluate standing on a claim-by-claim basis, so "when a plaintiff

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.
[1] The District Court putatively had jurisdiction under 28 U.S.C. §§ 1331 and 1343. Our jurisdiction arises under 28 U.S.C. § 1291. We have an independent obligation to examine our and the District Court's jurisdiction and "assure ourselves of . . . [Lewis]'s Article III standing." *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 233 (3d Cir. 2024).

seeks *prospective* (forward-looking) relief in the form of an injunction or a declaratory judgment, [he] must show that [he is] 'likely to suffer *future* injury.'" *Yaw v. Del. River Basin Comm'n*, 49 F.4th 302, 318 (3d Cir. 2022) (emphases in original) (quoting *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012)). A future injury must be "imminent" or "certainly impending," not "merely 'possible,'" to give a plaintiff standing. *Id.* (quoting *Clapper v. Amnesty Int'l, USA*, 568 U.S. 398, 409 (2013)).

Here, Lewis seeks only declaratory and injunctive relief, even though he concedes Appellees Diaz-Petti's and Beyer's alleged unconstitutional conduct, at its latest, ended in 2019. As for the remaining state Appellees, Lewis's allegations all refer to past conduct.[2] Such past injuries are neither ongoing nor imminent and do not establish standing to seek prospective relief. Thus, the District Court lacked subject matter jurisdiction to dismiss Lewis's claims on the merits. And because the District Court never possessed original jurisdiction, it had "no discretion to decline supplemental jurisdiction here because there [was] no supplemental jurisdiction at all." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 33–34 (2025).

Accordingly, we will vacate the District Court's judgment and remand with instruction to dismiss for lack of jurisdiction.

---

[2] Counsel for Lewis contends that Lewis has standing because he "has a pending case before the state Family Court." Appellant's Suppl. Letter Br. 5. But none of the Appellees is presiding over those proceedings, *see* Dkt. No. 58, and counsel misrepresented that fact to this Court.